UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **CHRISTINA CONLEY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:19-cv-01150 |
| | ) |
| **CITY OF GREENBRIER, TENNESSEE,** | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

The City of Greenbrier, Tennessee (the "City") has filed a Motion for Summary Judgment (Doc. No. 21) challenging the timeliness of Christina Conley's employment discrimination claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. For the following reasons, the City's motion will be denied.

The substantive allegations in this case are undisputed. On January 19, 2018, Conley resigned from her position as a kennel attendant and filed a charge of discrimination with the EEOC alleging that her employer, the City, discriminated and retaliated against her for filing a sexual harassment grievance against a co-worker. (Doc. No. 33 ¶¶ 4-5). The EEOC eventually dismissed her charge of discrimination and issued a notice of right to sue on September 11, 2019. (Id. ¶ 6). However, because the EEOC originally sent the notice of right to sue letter to Conley's former Tennessee address, rather than to her new Kentucky address, Conley claims she did not discover the letter until September 25, 2019. (Id. ¶¶ 7-8.) Conley filed the Complaint in this case on December 20, 2019.

It is well settled that a plaintiff must bring her Title VII lawsuit within 90 days after she receives the EEOC's notice of right to sue letter. 42 U.S.C. § 2000e-5(f)(1). This procedural

requirement operates like a statute of limitations because it may bar a lawsuit filed after 90 days have passed. Truitt v. Cty. of Wayne, 148 F.3d 644, 647 (6th Cir. 1998). When the EEOC sends a notice of right to sue to the wrong address because the plaintiff failed to notify the EEOC about an address change, there is a presumption that the plaintiff receives the notice by the fifth day after the indicated mailing date. Pearison v. Pinkerton's Inc., 90 F. App'x 811, 813 (6th Cir. 2004); Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 557 (6th Cir. 2000); Hunter v. Stephenson Roofing, Inc., 790 F.2d 472, 474–75 (6th Cir. 1986). A plaintiff can rebut this presumption with evidence that she satisfied her "affirmative duty . . . to notify the EEOC of any change in mailing address." Hunter, 790 F.2d at 474.

The City argues that because Conley failed to notify the EEOC about her address change, the Court should presume that she received her notice of right to sue letter on September 16, 2019. (Doc. No. 29 at 6). As a result, her claims should be dismissed as untimely because she filed the Complaint 95 days after receiving notice. In response, Conley has presented evidence that she told the EEOC mediator that she had recently moved from Tennessee to Kentucky and provided the mediator with her new address in writing before the EEOC sent its notice of right to sue letter. (Doc. No. 32-1 at 1.) Although the City disputes this evidence and argues that the EEOC has no documentation to support Conley's allegations, the Court must review all the evidence, facts, and inferences in the light most favorable to Conley at the summary judgment stage. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Because a jury could agree that Conley satisfied her affirmative duty to notify the EEOC of her address change and first received her notice of right to sue letter on September 25, 2019 (i.e. 86 days before she filed the Complaint), the Court cannot conclude as a matter of law that Conley's Title VII claims are untimely. See Reed vs. Ohio State University Medical Center, No. 2:12-cv-241, 2012 WL 5378379 (S.D. Ohio 2012) (refusing

2

to dismiss Plaintiff's Title VII claims because "Plaintiff's affidavit presents a genuine issue of material fact as to whether he informed the EEOC of his address change").

Accordingly, the City's Motion for Summary Judgment (Doc. No. 21) is **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE